UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL, )
 )
    Plaintiff,[1] )
 )
v. ) Case No. CIV-14-605-W
 )
SCOTT PRUITT, )
Oklahoma Attorney General, )
 )
    Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Lavern Berryhill, a state prisoner appearing pro se, has filed a civil action seeking a declaratory judgment that an Oklahoma state statute is unconstitutional as applied in his state-court criminal proceedings. *See* Compl. (Doc. No. 1). Plaintiff also has filed an application for leave to proceed *in forma pauperis* and supporting affidavit (Doc. No. 2). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b).

The "three strikes" provision of the *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

---

[1] Although Plaintiff's Complaint labels the parties "Petitioner" and "Respondent," this declaratory judgment action was raised via a complaint in a civil action, not a petition for a writ of habeas corpus relief or otherwise, so the caption hereby is corrected to identify Plaintiff and Defendant. *See* Compl.; 28 U.S.C. § 2201; Fed. R. Civ. P. 57; *see, e.g.*, *ANR Pipeline Co. v. Corp. Comm'n of State of Okla.*, 860 F.2d 1571, 1575 (10th Cir. 1988) (referring to "a declaratory judgment plaintiff who asserts the constitutional validity of a state action").

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision does not bar a three-strike prisoner from filing federal civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the prisoner can support application of the imminent-danger exception. That is, a three-strike prisoner always remains able to proceed in civil actions or appeals by prepaying the filing fee. *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 778 (10th Cir. 1999).

This Court has found on multiple occasions that Plaintiff already has incurred three or more "strikes" under § 1915(g). *See, e.g.*, *Berryhill v. United States*, No. CIV-12-225-C (W.D. Okla. May 15, 2012) (order summarily dismissing action as frivolous and noting that "Plaintiff has incurred at least 15 strikes under 42 U.S.C. § 1915(g) for filing frivolous matters"). Accordingly, this Court has denied Plaintiff leave to proceed *in forma pauperis* where Plaintiff made no showing that he was in imminent danger. *See, e.g.*, *Berryhill v. United States*, No. CIV-14-91-W (W.D. Okla. Mar. 6, 2014); *Berryhill v. United States*, No. CIV-13-1267-W (W.D. Okla. Jan. 21, 2014); *Berryhill v. Okla. Dep't of Corr. Bd. Members*, No. CIV-12-279-W (W.D. Okla. Apr. 20, 2012).

Here, Plaintiff's Complaint does not assert or even suggest that the imminent-danger exception of § 1915(g) applies. *See* Compl. Because the Court's own records clearly demonstrate that the provisions of 28 U.S.C. § 1915(g) bar Plaintiff from proceeding *in forma pauperis*, Plaintiff's request should be denied.

RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the District Judge:

(1) deny the application for leave to proceed *in forma pauperis*;

(2) order Plaintiff to pay the full $400.00 filing fee within 21 days of any order adopting this Report and Recommendation, *see* 28 U.S.C. § 1915(g); LCvR3.2, 3.3(e); and

(3) dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within 21 days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 9, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 18th day of June, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE